**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSE SANCHEZ,

    Plaintiff,                                             Case No. 8:20-cv-01401

v.

RADIUS GLOBAL SOLUTIONS, LLC,

    Defendant.

## COMPLAINT

NOW comes JOSE SANCHEZ ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RADIUS GLOBAL SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a 65 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Clearwater, Florida, which lies within the Middle District of Florida.

5. Defendant is a third party debt collector that provides debt collection services to a variety of industries. Defendant is a limited liability company organized under the laws of the state of Minnesota with its principal place of business located at 7831 Glenroy Road, Suite 250, Edina, Minnesota.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of Defendant's attempts to collect upon several outstanding consumer debts ("subject debts") said to be owed by Plaintiff.

9. The subject debts stem from Plaintiff's purported past due payments in connection with a several products Plaintiff purchased from ShopHQ.

10. Upon information and belief, the subject debts were charged off by ShopHQ after Plaintiff's purported default, and subsequently turned over to Defendant for collection purposes.

11. On or about May 15, 2020, Defendant mailed or cause to be mailed five collection letters to Plaintiff attempting to collect upon five of the subject debts ("May 15 Letters").

12. Each May 15 Letter referenced a single subject debt.

13. The May 15 Letters were each the first written communication Plaintiff received from Defendant in connection with the respective subject debts.

14. The May 15 Letters were identical in nature, save for the specific information regarding the particular debt referenced in the respective letters.

15. The May 15 Letters each provided the requisite disclosures required to be provided in such initial written communications under § 1692g of the FDCPA, which outline Plaintiff's 30-day period, stemming from his receipt of the letter, during which he could submit a dispute and seek validation of the respective subject debts in a manner that would trigger various statutorily-required procedures on Defendant's part.

16. Thereafter, on or about June 4, 2020, Defendant sent our caused to be sent to Plaintiff four identical collection letters attempting to collect upon the subject debts ("June 4 Letters").

17. The June 4 Letters, unlike the May 15 Letters, combined all of the subject debts into one letter, including the five debts covered by the respective May 15 Letters.

18. The June 4 Letters, like the May 15 Letters, provide the requisite disclosures under § 1692g of the FDCPA.

19. As such, the June 4 Letters, received less than 30 days after the May 15 Letters, set forth an additional 30-day validation period during which Plaintiff could seemingly submit a written dispute in connection with the five subject debts referenced in the May 15 Letters, in a manner that would trigger Defendant's statutory obligations.

20. However, the different thirty day validation periods established in connection with the debts referenced in the May 15 Letters, and the conflicting information evident in the June 4 Letters, was inherently confusing to Plaintiff and similarly misinformed Plaintiff as to the amount of time remaining to dispute the subject debts referenced in the May 15 Letters, and also risked Plaintiff unknowingly forfeiting the statutory rights available to him to validate those debts and put a halt on Defendant's collection activities.

21. Courts have found that sending two collection letters, each outlining a different thirty day validation period for a particular debt, sent within 30 days of one another, violates the FDCPA as a matter of law. *Maloney v All. Collection Agencies, Inc.,* 2018 U.S. Dist. LEXIS 189649, at *8-9 (E.D. Wisc. Nov. 6, 2018).

22. Defendant's conduct caused Plaintiff concrete injury, as Plaintiff was unnecessarily confused and misled as to his available options to go about addressing the subject debt in a manner that materially impacted his ability to go about intelligently addressing the subject debt in a well-informed manner. Defendant's conduct further violated Plaintiff's substantive right to be free from deceptive and misleading debt collection communications.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in a business the principal purpose of which is the collection of debts..

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §1692e, e(2)(A), and e(10) through the conflicting information contained in the multiple dunning letters it sent to Plaintiff within the same validation period. Upon sending the May 15 Letters to Plaintiff, Defendant provided the requisite information regarding the timeframe within which Plaintiff must dispute the debts referenced in such letters. The similar representations made in the June 4 Letters confused Plaintiff and is confusing the unsophisticated consumer as it misrepresents their rights under the FDCPA to dispute a debt and seek validation of the same. The FDCPA provides consumers with the right and ability to dispute debts and seek validation of the same from debt collectors within 30 days of receiving the dunning letter – a dispute and validation request which similarly triggers Defendant's obligation to cease collecting on the subject debt until validation can be provided. Consequently, Defendant's multiple dunning letters result in consumers waiving their ability to dispute a debt by relying on the misleading and deceptive subsequently validation notice received within the original dunning letter's 30-day period, as the second dunning letter misleadingly suggests to consumers that they have additional time to dispute a debt.

    **b.  Violation of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated § 1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant to send collection letters structured in a way to confuse Plaintiff as to his rights under the FDCPA.

    c. **Violations of FDCPA § 1692g**

33. The FDCPA, pursuant to 15 U.S.C. §§ 1692g(a)(1)-(5), requires debt collectors to provide to consumers certain pieces of information in their initial written communications to such consumers.

34. Further, pursuant to 15 U.S.C. §1692g(b), any collecting activity that occurs "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

35. Defendant violated § 1692g(b) by sending Plaintiff a second dunning letter (the June 4 Letters) covering the same debts covered by the Mat 15 Letters. Defendant's initial dunning letters (May 15 Letters) began Plaintiff's 30-day clock to submit any disputes to Defendant in a manner that would trigger certain duties on behalf of Defendant. However, because Defendant referenced an additional 30-day window *within* the initial 30-day window (via the June 4 Letters), Defendant's second dunning letters overshadow and are inconsistent with Defendant's disclosure of Plaintiff's rights in Defendant's May 15 Letters.

WHEREFORE, Plaintiff JOSE SANCHEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

  c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 17, 2020                                    Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com